Dominic SILVA and Margaret Silva, Husband and Wife, Plaintiffs in Error,

v.

ARKANSAS LOUISIANA GAS COMPANY, a foreign corporation, Stallings Construction Company, a copartnership composed of R. D. Johnson and Darrell Johnson, of Ada, Oklahoma, and R. D. Johnson and Darrell Johnson, Individually, Defendants in Error.

Howard N. LALMAN and Pauline A. Lalman, Husband and Wife, Plaintiffs in Error,

v.

ARKANSAS LOUISIANA GAS COMPANY, a foreign corporation, Stallings Construction Company, a copartnership composed of R. D. Johnson and Darrell Johnson, of Ada, Oklahoma, and R. D. Johnson and Darrell Johnson, Individually, Defendants in Error.

Jess N. HENSON and Leona King Henson, Husband and Wife, Plaintiffs in Error,

v.

ARKANSAS LOUISIANA GAS COMPANY, a foreign corporation, Stallings Construction Company, a copartnership composed of R. D. Johnson and Darrell Johnson, of Ada, Oklahoma, and R. D. Johnson and Darrell Johnson, Individually, Defendants in Error.

Nos. 51060–51062.

Supreme Court of Oklahoma.

Sept. 18, 1979.

Rehearing Denied Nov. 19, 1979.

**632**

Preslie H. Brown, McAlester, for plaintiffs in error.

James M. May, McAlester, for defendants in error.

BARNES, Justice:

In January of 1975, Appellee, Arkansas Louisiana Gas Company (Ark-La), filed a condemnation proceeding in the District Court of Pittsburg County, seeking to condemn certain lands in that County upon which to construct a gas pipeline. Commissioners were appointed and their report was filed in February of that same year. The Appellants, landowners involved in the condemnation proceeding, filed an objection to the Commission's report, and timely demanded a jury trial on the issue of just compensation and damages. Trial on those issues was conducted on September 25th and 26th of 1975. All parties presented evidence as to the value of the property both before and after the condemnation, and judgment was entered and filed along with releases and satisfaction as to each of the landowners. None of the parties appealed from those jury verdicts. However, six days prior to the condemnation hearing on the issue of damages and compensation, the Appellant landowners each filed separate actions against Ark-La, alleging that they had been damaged by Ark-La's negligence and trespass, in the construction of the pipeline across the condemned property.

Ark-La filed a motion to dismiss these causes and, after several amendments to the petition, the tort actions brought by the Appellants were consolidated with each other, not with condemnation action.

After the consolidation, the court asked for briefs on the motion to dismiss and, after reviewing such, ruled that most of the damages alleged in the Appellants' petitions were consequential damages relating back to the condemnation action instituted by Ark-La. In a memorandum decision, the Court found that since the construction necessitated by the condemnation was completed prior to the condemnation hearing, all damages in existence at that time by virtue of the construction must have been accounted for in the condemnation hearing and could not therefore be the basis of a separate tort action. Based upon this rationale, the trial court dismissed the case, granting leave to amend one cause of action, and dismissing all others. The plaintiffs perfected an appeal from the dismissals, and the case was assigned to the Court of Appeals. That court dismissed the appeal on the grounds that an advisory decision was being sought. The plaintiffs petitioned for certiorari.

The basis of the Court of Appeals' ruling that the matter before it was advisory in nature was a statement made by the Appellants in their brief. Appellants stated:

"We hope to have a decision of this Honorable Court which will definitely lay out the rules in such cases although it will not finally determine the outcome of this case because of the pendency of the other actions and other factors which should protect the Plaintiffs in Error in any event."

What the plaintiffs had reference to in that statement were other possible causes of action based upon damages which occurred after the condemnation proceeding was completed.

The plaintiffs' statement that a ruling in the appeal would not affect the outcome of the cases below was far from accurate. If, in fact, as the trial court ruled, the damages sought in the actions below were damages which accrued prior to the condemnation proceedings, the tort actions are precluded, as the damages should have been sought in the condemnation proceeding, and therefore plaintiffs would have been

barred, by res adjudicata, from raising the issue in a subsequent action. Thus, as there were adverse parties below and in the appeal, and issues arising out of the controversy below, material to the controversy, were raised on appeal, we hold that the Court of Appeals' designation of the cause as one seeking an advisory decision was in error. This being the case, we vacate the opinion of the Court of Appeals, having previously granted certiorari in accordance with Rule 3.13A(2) of the Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that Court.

 The dispositive issue raised on appeal is whether damages alleged in the petitions below were damages which should have been raised by the Appellants in the condemnation hearing. If such were the case, Appellants would, under Oklahoma law, be prohibited from maintaining a separate action seeking compensation for such damages.

In *Graham v. City of Duncan*, Okl., 354 P.2d 458 (1960), a landowner brought a tort action against the City of Duncan, seeking to be compensated for damages allegedly brought about by the negligence of the condemnor, the City of Duncan, when the city unnecessarily cut down growing crops. In that case, the alleged damages to the crops had taken place prior to the condemnation hearing.

In *Graham*, supra, we held that:

"After a judgment has been entered in a condemnation proceeding, it is conclusive as to all damages which were or *might have been* included in the award, and the owner cannot thereafter maintain an action for such damages, unless some items of damages have been removed from determination and reserved for future consideration, by agreement of the parties with the approval of the court." [Quoting from the 6th syllabus of this Court—emphasis added]

In so holding, this Court ruled that the question of damage to crops should have been raised in the condemnation hearing, for Graham was required to present all existing claims for compensation for deter-mination in a single proceeding, and that failure to do so constituted a waiver of such claims and thus barred the subsequent action for damages.

The facts before us are similar. The trial court dismissed all the actions brought by the Appellants which were based upon damages which had taken place prior to the condemnation hearing. In dismissing the claims, the trial court was acting within the rule of law set down in *Graham*, supra. Therefore, we cannot say that the trial court erred in his determination, and we must, accordingly, affirm the action of the trial court.

In so ruling, we would note that the trial court's dismissal did not affect any of the causes of action which allegedly arise out of damages which occurred after the condemnation proceeding. We would further note that the trial court's sustaining of demurrers to those causes of action, and the court's permitting the Appellants to amend, are not before us on appeal, nor would they be properly before us on appeal, unless the Appellants had chosen to stand on their petitions, or the trial court had dismissed those causes of action.

For the above stated reasons, we grant certiorari, vacate the opinion of the Court of Appeals, and affirm the action of the trial court.

CERTIORARI GRANTED, OPINION OF THE COURT OF APPEALS VACATED, AND ACTION OF THE TRIAL COURT AFFIRMED.

IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.